UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Obec G., <br><br> Petitioner, <br><br> v. <br><br> William Barr, United States Attorney General,[1] <br><br> Respondent. | Case No. 19-cv-2269 (NEB/HB) <br><br> **REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

On August 14, 2019, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention pending removal. [Doc. No. 1.] The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Petitioner was removed from the United States on September 3, 2019, and his petition should be dismissed as moot.

I.   **Background**

Petitioner is a citizen and native of South Sudan. (Pet. at 2; Resp't's Resp. at 2 [Doc. No. 11].) He entered the United States as a refugee on or about August 14, 2003. (Pet. at 2; Pryd Decl. Ex. A [Doc. No. 12-1].) On or about March 20, 2014, the Department of Homeland Security brought Petitioner into custody and commenced

---

[1] Respondent asserts that the proper respondent is Peter Berg, the St. Paul Field Office Director of ICE, who directly supervised Petitioner's immigration detention. (*See* Resp. at 1 [Doc. No. 11].) Respondent has not moved for substitution or joinder, however.

1

removal proceedings against him. (Pet. at 2.) On July 16, 2014, an immigration judge in Bloomington, Minnesota, ordered Petitioner removed from the United States to South Sudan. (Pryd Decl. ¶ 4, Ex. A.) On later determination that removal would not ensue in the reasonably foreseeable future, Petitioner was released under an Order of Supervision on April 17, 2015. (Pryd Decl. ¶ 5.)

On December 14, 2018, Petitioner was arrested and served with a Revocation of Release because recent cooperation with the South Sudanese Government had made removal likely in the reasonably foreseeable future. (Pryd Decl. ¶ 6.) On September 3, 2019, Petitioner was removed from the United States to South Sudan via commercial airline. (Pryd Decl. ¶ 7, Ex. B). Respondent asks the Court to dismiss the petition as moot.

## II.    Discussion

Under article III, section 2, of the United States Constitution, federal court jurisdiction is limited "to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (citation and quotation marks omitted). Article III mootness divests the Court of subject matter jurisdiction. *See id.* If a court determines that it lacks subject-matter jurisdiction at any time during a case, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Petitioner's removal from the United States leaves nothing for the Court to grant

by way of habeas relief.  He is no longer in the custody of United States Immigration and Customs Enforcement, and as a result, the Court cannot order his release.  Any such order would be ineffectual.  Therefore, Petitioner's habeas petition is moot.  *See, e.g.*, *Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017), *R. & R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immig. Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010).

Before recommending dismissal of the petition based on mootness, however, the Court must determine whether any of the following exceptions to mootness exist:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*See Ahmed*, 2017 WL 3267738, at *2 (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)).  The Court concludes that none of the exceptions apply in this case.  First, there are no surviving secondary or collateral injuries stemming from the allegedly prolonged detention, and any alleged injuries arising from the final order of removal itself are not cognizable in federal court.  *See id.*  Second, an allegedly unlawful period of immigration detention is unlikely to be repeated, given Petitioner's removal from the United States.  *See id.*  Third, there is no reason to believe that Respondents acted purposely to deprive this Court of jurisdiction.  Finally, the exception relating to class actions is inapplicable, because Petitioner requested relief only on his own behalf, not on behalf of a class of individuals.  *See id.*

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DISMISSED AS MOOT**.

Dated:  October 16, 2019          s/ *Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).